Geoffrey T. Stover (SB# 211715)
geoff@axslawgroup.com
Andrea K. Loveless (SB# 255434)
andrea@axslawgroup.com
AXS Law Group LA LLP
6080 Center Drive, Suite 210
Los Angeles, CA 90045
T: (310) 746-5300
F: (310) 593-2520

Attorneys for Plaintiff
JOSEPH E. JEROME

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH E. JEROME,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PARAMOUNT GLOBAL,<br><br>　　　　Defendant. | CASE NO. 2:25-cv-10482<br><br>**COMPLAINT FOR:**<br><br>**(1) AGE DISCRIMINATION IN VIOLATION OF THE ADEA, 29 U.S.C. § 621,** *et seq.*<br>**(2) RACE DISCRIMINATION IN VIOLATION OF TITLE VII, 42 U.S.C. § 2000E,** *et seq.*<br>**(3) AGE AND RACE DISCRIMINATION IN VIOLATION OF FEHA, CAL. GOV. CODE § 12940,** *et seq.*<br>**(4) VIOLATION OF CALIFORNIA WARN ACT IN VIOLATION OF CAL. LABOR CODE § 1400,** *et seq.* |

1   Plaintiff, Joseph E. Jerome ("Plaintiff"), by and through his undersigned counsel,
2   as and for his Complaint against Defendant, Paramount Global ("Paramount" or
3   "Defendant"), alleges as follows:

**INTRODUCTION**

4
5       1.    This is an action for discrimination under the Age Discrimination in
6   Employment Act ("ADEA"), Title VII of the Civil Rights Act of 1964, the California
7   Fair Employment and Housing Act ("FEHA"), and the California WARN Act.

**JURISDICTION AND VENUE**

8
9       2.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331, 29
10  U.S.C. § 626(c)(1) and 42 U.S.C. § 2000e-5(f)(3), all federal statutes.

11      3.    This Court has supplemental jurisdiction over Plaintiff's state-law
12  claims, pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the
13  federal claims in this action that they form part of the same case or controversy.

14      4.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)
15  because Defendant conducts business in this district and the discriminatory
16  termination of Plaintiff's employment by Paramount occurred in this district.

**PARTIES**

17
18      5.    Plaintiff was an employee of Paramount (as well as its predecessors
19  Viacom International, Inc. and CBS Corporation) from 1994 until his termination in
20  2024.

21      6.    Defendant, Paramount, a corporation existing under the laws of the State
22  of Delaware, conducts business throughout the United States and, together with its
23  predecessors, Viacom and CBS, was Plaintiff's employer during all times relevant to
24  this action.

**FACTUAL ALLEGATIONS**

25
26  **A.    The Discrimination Claims.**

27      7.    At the time of his termination, Plaintiff was a 58-year-old White male.

28      8.    In 2024, Nicole Harris Johnson ("Johnson"), the head of Paramount

1  Legal's Diversity, Equity, and Inclusion ("DEI") committee and the Executive Vice
2  President of Business and Legal Affairs of CBS News, CBS Stations, and CBS
3  MediaVentures, fired three CBS Media Ventures ("CMV") production attorneys,
4  including Plaintiff, all of whom were over 50 years old and White.

5      9.      Despite his qualifications and extensive experience, Plaintiff was
6  terminated by Paramount in August 2024 under the false pretext of a reduction in
7  force. In fact, Plaintiff and others were terminated and replaced with less experienced,
8  younger employees and/or employees of other races.

9      10.     In November 2023, Johnson attended a special meeting held by Wendy
10  McMahon, the then President of CBS News, Stations and CMV where, upon
11  information and belief, McMahon exhorted the attendees to improve the ratings and
12  demographics of the shows that her divisions produced.  More specifically,
13  McMahon allegedly complained about the older demographics of the viewership and
14  wanted senior staff to focus on attracting younger viewers and, in order to do so, have
15  younger staff members.  Shortly after this meeting, Johnson repeatedly criticized
16  Plaintiff for thinking "old" when discussing a prospective deal after Plaintiff flagged
17  that a legal term of art was being misused.

18      11.     Johnson replaced Plaintiff by hiring Katelyn Segrest, a 25-year-old
19  Black recent law school graduate and former CMV intern.

20      12.     At the time of his termination, Plaintiff had served as designated
21  production counsel to the show *Entertainment Tonight* for twenty years and had
22  extensive experience in similar roles. Plaintiff is the only attorney in CBS history to
23  receive a producing credit on a show they were responsible for and to subsequently win
24  five Emmy Awards, most recently in 2024, with a sixth nomination currently pending.

25      13.     In February 2024, Johnson terminated David Andriole, age 59 and
26  White, who had been designated production counsel to the show *Hot Bench* for four
27  seasons and had extensive experience both at Paramount and other companies.

28      14.     Johnson replaced Mr. Andriole with Jubine David Sadighi, age 40 and

Asian. Though due to corporate restructuring Mr. Sadighi's previous role in the department had been eliminated before February, he was retained by Johnson nevertheless.

15.     Also in February 2024, Johnson terminated Edith Walters, age 50 and White. She was replaced initially by Thu Duong, age 49 and Asian, and subsequently by Robin Dunlop, age 54 and Black, who had no prior production experience. Though due to corporate restructuring Ms. Dunlop's previous role in the department had been eliminated before February, she was retained by Johnson nevertheless.

16.     Prior to her termination, Ms. Walters worked with Plaintiff as co-show production counsel at *Entertainment Tonight* for four years and had extensive experience both at Paramount and other companies.

17.     As of February 2024, the CMV lawyers' group was approximately evenly split between attorneys over and under the age of 50, and between White attorneys and attorneys of other races. However, throughout 2024, 100% of the attorneys terminated by Johnson were White and over 50 years old.

18.     In connection with Plaintiff's employment, Paramount emphasized that its DEI policy was embedded into every aspect of the employee experience, with company-wide DEI initiatives and executive compensation linked to meeting DEI goals.

19.     For example, out of only four stated goals for the entire Paramount Legal Department to focus on in 2023, one was to continue "prioritizing our commitment to DE&I" by "[m]aintaining or increasing SVP+ female representation and increasing VP+ Ethnically Diverse representation." Upon information and belief, the same goals continued through 2024.

20.     Plaintiff was terminated because of his age and race, in violation of federal and state law.

**B.     California WARN Act Violation.**

21.     Unlike other Paramount employees, upon his termination, Plaintiff was

1  not provided with the required notice pursuant to the California WARN Act.

2  **FIRST CLAIM FOR RELIEF**

3  **Discrimination Based on Age in Violation of the ADEA**

4  **(29 U.S.C. § 621, *et seq.*)**

5      22.   Plaintiff incorporates by reference the preceding paragraphs as if fully set

6  forth herein.

7      23.   Plaintiff is over the age of forty (40) and is a member of a protected class

8  under the ADEA.

9      24.   Paramount is an "employer" within the meaning of 29 U.S.C. § 630(b).

10      25.   Plaintiff was qualified for his position and performed his duties in a

11  satisfactory manner.

12      26.   Plaintiff was replaced by a substantially younger less qualified

13  employee.

14      27.   Paramount discriminated against Plaintiff by subjecting Plaintiff to

15  termination because of his age.

16      28.   Paramount's conduct violated the ADEA, 29 U.S.C. § 623(a)(1), which

17  makes it unlawful for an employer "to discharge any individual or otherwise

18  discriminate against any individual with respect to his compensation, terms,

19  conditions, or privileges of employment, because of such individual's age."

20      29.   As a result, Plaintiff suffered damages in an amount to be determined at

21  trial.

22  **SECOND CLAIM FOR RELIEF**

23  **Race Discrimination in Violation of Title VII of the Civil Rights Act of 1964**

24  **(42 U.S.C. § 2000E, *et seq.*)**

25      30.   Plaintiff incorporates by reference the preceding paragraphs as if fully

26  set forth herein.

27      31.   Plaintiff is White and was employed by Paramount. Plaintiff is therefore

28  a member of a protected class under Title VII of the Civil Rights Act of 1964.

1  32.    Plaintiff timely filed a charge of discrimination with the Equal

2  Employment Opportunity Commission ("EEOC") alleging unlawful race

3  discrimination in violation of Title VII. On or about August 4, 2025, the EEOC

4  issued a Notice of Right to Sue. Plaintiff has satisfied all conditions precedent to

5  filing suit under Title VII.

6  33.    By discharging Plaintiff on the basis of his race, Defendant violated 42

7  U.S.C. § 2000e-2(a)(1), which makes it unlawful for an employer "to fail or refuse to

8  hire or to discharge any individual, or otherwise to discriminate against any

9  individual with respect to his compensation, terms, conditions, or privileges of

10  employment, because of such individual's race."

11  34.    As a result, Plaintiff suffered damages in an amount to be determined at

12  trial.

13  35.    Further, Paramount acted with malice and/or reckless indifference to

14  Plaintiff's federally protected rights, entitling Plaintiff to punitive damages pursuant

15  to 42 U.S.C. § 1981a.

16  **THIRD CLAIM FOR RELIEF**

17  **Age and Racial Discrimination in Violation of the**

18  **California Fair Employment and Housing Act**

19  **(GOV. CODE § 12940, *et seq.*)**

20  36.    Plaintiff incorporates by reference the preceding paragraphs as if fully

21  set forth herein.

22  37.    At all relevant times, Plaintiff was an "employee" within the meaning of

23  California Government Code § 12926(c).

24  38.    At all relevant times, Paramount was an "employer" within the meaning

25  of California Government Code § 12926(d).

26  39.    Plaintiff is a male over the age of fifty (50) and is therefore a member of

27  multiple protected classes under FEHA, including age (over 40) and race.

28  40.    In August 2024, Paramount terminated Plaintiff's employment under the

pretext of a reduction in force. In reality, Paramount discharged Plaintiff, along with other attorneys over the age of fifty (50) and White, and replaced them with substantially younger and/or non-White employees.

41.    Paramount's actions were motivated, at least in part, by unlawful considerations of Plaintiff's age and race, in violation of California Government Code § 12940(a), which makes it unlawful "[f]or an employer, because of the race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, or veteran or military status of any person, to refuse to hire or employ the person or to refuse to select the person for a training program leading to employment, or to bar or to discharge the person from employment, or from a training program leading to employment, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment."

42.    As a result, Plaintiff suffered damages in an amount to be determined at trial.

43.    Further, Paramount's conduct was carried out with malice, oppression, or fraud, entitling Plaintiff to punitive damages under Cal. Civ. Code § 3294.

## FOURTH CLAIM FOR RELIEF
### Violation of California WARN Act
### (CAL. LABOR CODE § 1400, *et seq.*)

44.    Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

45.    Under the California Worker Adjustment and Retraining Notification (the "California WARN Act"), a "mass layoff" means "a layoff during any 30-day period of 50 or more employees at a covered establishment." Cal. Labor Code § 1400.5(d).

46.    At all relevant times, Paramount was an "employer," within the meaning

1 | of the California WARN Act. Cal. Labor Code § 1400.5(b).

2 |     47.    Paramount is a single employer and an integrated entity, in that its

3 | divisions share the same or similar facilities, the same or similar employees,

4 | possessed common financial ownership and control, and common human resources

5 | and management personnel.

6 |     48.    The California WARN Act states that if an employer provides any

7 | employee with less than 60 days of advance notice of a plant shutdown or mass

8 | layoff, the employer shall provide that employee with 60 calendar days of wages and

9 | benefits. Cal. Labor Code § 1402(a)(1)-(2).

10 |     49.    Paramount failed to provide Plaintiff with the 60-days written notice that

11 | is required by the California WARN Act for terminating over 50 employees on

12 | August 13, 2024.

13 |     50.    As a result of Paramount's failure to provide Plaintiff with the required

14 | notice under the California WARN Act, Plaintiff suffered damages in an amount to

15 | be determined at trial.

16 | **PRAYER FOR RELIEF**

17 |     WHEREFORE, Plaintiff respectfully requests that this Court award him:

18 |     a)    damages under 29 U.S.C. § 626, 42 U.S.C. § 1981, and Cal. Gov. Code

19 | § 12965 for Paramount's violations of the ADEA, Title VII, and the FEHA;

20 |     b)    statutory damages in accordance with the California WARN Act;

21 |     c)    punitive damages pursuant to 42 U.S.C. § 1981a and Cal. Civ. Code §

22 | 3294;

23 |     d)    attorneys' fees and costs pursuant to 29 U.S.C. § 626(b), 42 U.S.C. §

24 | 2000e-5(k), Cal. Gov. Code § 12965(b), and Cal. Labor Code § 1400; and

25 |

26 |

27 |

28 | ///

1    e)    such other and further relief the Court deems just and proper.

2

3    DATED: October 31, 2025         AXS LAW GROUP LA LLP

4                                     /s/ Geoffrey T. Stover
5                                     GEOFFREY T. STOVER
                                      AXS LAW GROUP LA LLP

6                                     Attorneys for Plaintiff Joseph E. Jerome

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT